

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brock
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-4488
Re: Can the County Commissioners' Court
authorize the payment of the salary
in excess of $100.00 per month to
an office assistant of the County
Judge and the secretary of the
County Attorney?

Your letter requesting the opinion of this Department
on the above stated question reads as follows:

"I am here enclosing an opinion which I have rendered
to the County Commissioners' Court relative to a matter,
which is an exhaustive opinion, and would like to have your
opinion in response. I would also like very much for you
to take into consideration the annual report of the County
Court for the year of 1941, which is also enclosed. It
will be noted from this report that this court disposed
of 1002 cases during that year. Now in addition to this
court work the County Judge, as you know, has been made
head of the Aircraft Warning Service, and was head of the
aluminum drive, is head of the Civilian Defense Unit, and
is having to file and approve birth certificates at the
present time at the rate of approximately one hundred and
fifty per month, in addition to the regular court work.
I know of my own personal knowledge that he is usually
in the courthouse by 7:30 or 8:00 o'clock in the morning
and gets out anywhere from 5:00 to 8:00 o'clock in the
afternoon.

"Many of these conditions have not been brought
about by anything else save and except National Defense.
The Twin Engine Flying School being located near this town
has increased the salaries of all secretarial help, and the
help in his office and in my office is not secretarial in
every sense, for in order to keep him, the County Judge,

from having to climb the stairs to the Clerk's office
from ten to fifteen times a day to sign birth certificate
matters, this book of the Probate minutes is being kept
by his secretary in his office, which is, as you see,
clerical work. Then in addition to that, as you know,
under the statute, he is required, as I, to make monthly
reports, and with the volume that is passing through the
two offices, mine and his, it is entirely impossible to
secure help that is efficient at the $100.00 figure which
the county has heretofore been able to secure.

"In keeping the birth certificate records as they
are kept the County Judge's office is saving the employment
of one additional assistant county clerk, and on account
of congested conditions in this part, the secretary to the
County Judge is clerking the County Court, since the Clerk
would not be able, under the present set-up to have as is
required by law a clerk to attend this Court, and with the
amount of business that is being conducted in the County
Court, it would be necessary that the County Clerk employ
a full-time assistant clerk to take care of this business.

"As is indicated in the letter to the Commissioners'
Court, it is my opinion that these salaries could be raised,
and these employees could be designated as clerks. In this
connection let me say that you know full well that secre-
tarial or clerical help does not depend upon just having
someone around. You have to have someone that understands
what it is all about. I do trust you will give me an immediate
opinion on this matter."

Your opinion addressed to the Honorable Commissioners'
Court of Lubbock County, Texas, on the above stated question reads
as follows:

"You have questioned me relative to whether or not the
County Commissioners' Court can authorize the payment of a
salary in excess of $100.00 per month to an office assistant
of the County Judge and the secretary of the County Attorney's
office.

"Article 3902 of the Revised Civil Statutes provides
as follows:

"'Whenever any district, county or precinct officer
shall require the services of deputies, assistants or
clerks in the performance of his duties he shall apply to
the County Commissioners' Court of his county for authority
to appoint such deputies, assistants or clerks, stating by
sworn application the number needed, the position to be
filled and the amount to be paid. Said application shall
be accompanied by a statement showing the probable receipts
from fees, commissions and compensation to be collected by
said office during the fiscal year and the probable dis-
bursements which shall include all salaries and expenses
of said office; and said court shall make its order authoriz-
ing the appointment of such deputies, assistants and clerks
and fix the compensation to be paid them within the limita-
tions herein prescribed and determine the number to be ap-
pointed as in the discretion of said court may be proper;
provided that in no case shall the Commissioners' Court or
any member thereof attempt to influence the appointment
of any person as deputy, assistant or clerk in any office.
Upon the entry of such order the officers applying for such
assistants, deputies or clerk shall be authorized to appoint
them; provided that said compensation shall not exceed the
maximum amount hereinafter set out. The compensation which
may be allowed to the deputies, assistants or clerks above
named for their services shall be a reasonable one, not to
exceed the following amounts: In counties having a popula-
tion of thirty-seven thousand five hundred and one (37,501)
and not more than sixty thousand (60,000) inhabitants,
first assistant or chief deputy not to exceed Twenty-one
Hundred ($2100.00) Dollars per annum; other assistants,
deputies or clerks not to exceed Eighteen Hundred ($1800.00)
Dollars per annum each. Provided that nothing in this Act
shall be construed as repealing or affecting Section 2 of
H. B. No. 694, Chapter 315, Acts 1935, Forty-fourth Legisla-
ture, 724.'

"Under this article it seems clear that the County
Commissioners' Court shall have the power to authorize
the appointment of such deputies, assistants and clerks
that may be needed by the County Judge and/or the County
Attorney in the performance of their duties and to fix
their compensation within the limitations prescribed in
Section 3 of Article 3902, since Lubbock County comes within
that population bracket. Under Section 3 the Commissioners'
Court would be authorized to appoint a Clerk to the County
Judge's office to serve in the County Judge's office at a
salary of not to exceed $1800.00 per year. Likewise, the
Commissioners' Court may authorize the appointment of a
Clerk in the County Attorney's office at a salary not to
exceed $1800.00 per year.

"Section 13 of Article 3912 provides as follows:

"'The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, towit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money and annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excess of Fifteen Million ($15,000,000) Dollars, according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; and provided that in counties having a population of thirty-seven thousand five hundred (37,500) and less than sixty thousand (60,000) according to the last preceding Federal Census, and having an assessed valuation in excess of Twenty Million ($20,000,000. Dollars, according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salaries, may be increased one (1%) per cent for each one Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Twenty Million ($20,000,000.00) Dollars valuation over and above the maximum amount allowed such officer under laws existing on August 24, 1935.

"(a) The Commissioners' Court may authorize the employment of a stenographer by the county judge, and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred (1200.00) Dollars per year.

"You will notice the provision in this Article which authorizes the employment of a secretary to the County Judge at a salary of not exceeding $1200.00 per year, however, the secretary to the County Judge of Lubbock County has greater duties and greater responsibilities than ordinary secretarial work and the work that she must do in the office of the County Judge cannot be properly described as secretarial work. In other words, her duties go beyond those of the ordinary secretary. She fills out birth certificates for the county, keeps the books of the County Judge's office and performs numerous other duties outside the general scope of secretarial work. It is therefore my opinion that she should properly be designated as a clerk to the County Judge and pursuant to such designation by the Commissioners' Court, the Commissioners' Court would be authorized to fix her salary at a sum within the limits prescribed above. It is therefore my opinion that the Commissioners' Court of Lubbock County, Texas, would be within their legal rights in authorizing the appointment of a clerk to the County Judge and a Clerk to the County Attorney at a salary in each instance of not to exceed $1800.00 per annum."

This Department has heretofore, on several occasions, written opinions on practically the same question or questions involved in your inquiry.

We direct your attention to Opinion No. O-1620 holding in effect that there is no authority for a County Attorney to employ a stenographer.

We call your attention to our Opinion No. O-1874 which holds that when a County Attorney complies with the terms of Article 3902, Vernon's Annotated Civil Statutes, a clerk may be appointed by the County Attorney.

With reference to that part of your question regarding the authority of the Commissioners' Court authorizing the appointment of an office assistant for the County Judge and the payment of a salary in excess of One Hundred ($100.00) Dollars per month to such assistant, it is our opinion that a County Commissioners' Court is not authorized under Article 3902, Vernon's Annotated Civil Statutes, in the absence of the specific grant of power, to pay any salary for an assistant for the County Judge, and that in view of the provisions of Section 13(e) of Article 3912e, Vernon's Annotated Civil Statutes, applying to counties with a population of twenty thousand (20,000) inhabitants or more, and less than one hundred ninety thousand (190,000) inhabitants, the County Judge in such counties can only employ a stenographer with the approval of the Commissioners' Court at a salary not to exceed Twelve Hundred ($1200.00) Dollars per year. Our conclusion thus stated with reference to the first part of the question quoted above is supported by our Opinion No. O-1449.

In your opinion addressed to the Honorable Commissioners' Court of Lubbock County, Texas, you stated in effect that the Commissioners' Court of said county would be within its legal right in authorizing the appointment of a clerk by and for the County Attorney at a salary not to exceed Eighteen Hundred ($1800.00) Dollars per annum. We think that this is a correct statement with reference to a clerk for the County Attorney and the salary to be paid such clerk by virtue of Article 3902, supra. However, as above indicated we do not agree with that portion of your opinion with reference to a clerk for the County Judge.

In support of the foregoing we cite you the following opinions and enclose a copy of each for your convenience. The opinions here referred to are Nos. O-282, O-3146, O-1449, O-2242, O-65, O-1649, O-1874, O-3743, O-1930, O-1097, and O-1620.

We trust that the foregoing fully answers your inquiry.

Yours very truly

APPROVED MAR. 18, 1942                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

FIRST ASSISTANT                           By
ATTORNEY GENERAL                               /s/   Ardell Williams
                                                         Assistant

AW/po


APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN